# EXHIBIT A

Case 7:16-cv-00035-O   Document 1-1   Filed 03/11/16   Page 2 of 5   PageID 5

Filed 2/17/2016 2:37:46 PM
Patti Flores
District Clerk
Wichita County, Texas
Jamie Young

CAUSE NO. 184,047-A

| | | |
|---|---|---|
| **CHARLES BRASIER,**<br>**Plaintiff** | § § § § § § § § § § | IN THE<br><br>30TH DISTRICT COURT<br><br>OF<br><br><br><br>WICHITA COUNTY, TEXAS |
| **v.** | | |
| **WICHITA FALLS AREA BASKETBALL OFFICIALS ASSOCIATION, INC.,**<br>**Defendant** | | |

## Original Petition

Now comes Charles Brasier, Plaintiff ("Charles"), to complain of the WICHITA FALLS AREA BASKETBALL OFFICIALS ASSOCIATION, INC., WFABOA, ("WFABOA") and would respectfully show the Court:

*Parties*

1.  Charles is an individual. The last three digits of his Driver's License are 400. The last three digits of his SSN are 176. He is a resident of Clay County, Texas.

2.  WFABOA is a Texas Domestic Nonprofit Corporation. Its registered agent is Donald B. Patty, who may be served at 209 Mesquite, Burkburnett, Texas 76354.

*Discovery Level*

3.  Charles asserts that this is a Discovery Level 2 case pursuant to the Texas Rules of Civil Procedure. Economic damages, including statutory punitive awards and exemplary damages, will not exceed one million dollars ($1,000,000.00).

*Jurisdiction and Venue*

4.  WFABOA's office and principal place of business is in Wichita County, Texas. Further, a substantial amount of the actions complained of herein occurred in Wichita County, Texas. See Section 15.002 of the Texas Civil Practice & Remedies Code (hereinafter "TCPRC").

5.  Jurisdiction is proper because the damages and other relief requested herein fall within the jurisdictional limits of this Court.

6.  A Declaratory Judgment is requested pursuant to Chapter 37 of the TCPRC.

7.  For all causes of action complained of herein based upon Federal statutes, laws, and regulations, the Texas State District Courts have common and parallel jurisdiction with the Federal Courts.


## Facts

8. For 28 years Charles was an official for University Interscholastic League (hereinafter "UIL") **boys and girls** junior high school, junior varsity, and varsity basketball games (scheduled competitions, tournaments, and playoffs). He also demonstrated proficiency and skill by refereeing other basketball games.

9. On or about April, 2015, Charles offered to assist the formation of a new local association of basketball referees. The application (herein "Montague Chapter") was made pursuant to UIL rules and procedures.

10. The UIL, because of actions of the WFABOA in concert with others, denied the Montague Chapter application.

11. Thereafter, on or about June/July of 2015, <u>the WFABOA unilaterally and without legal justification revoked the Charles's right to referee future games. The membership in the WFABOA's organization is NOT reviewed annually. The WFABOA instead chose to actively block Charles's right to participate and receive revenue and expenses for his efforts</u>.

12. The only reason given by the WFABOA was Charles' participation and assistance to form the Montague Chapter, which would have created competition to the WFABOA for providing officials for UIL basketball events.

13. Charles has an exemplary record, both on and off the Court, for the 28 years he has officiated. There was no factual basis for the actions taken by the WFABOA against Charles.

14. Charles has been, and continues to be, "barred" from refereeing the basketball games referenced above. He has lost the entire 2015-2016 season, including playoffs and tournaments.

15. It will be demonstrated that the WFABOA also retaliated against other individuals for assistance given to the Montague Chapter.

## Exhaustion of Remedies and Miscellaneous Procedures

16. In an effort to resolve the conflict, Charles initially was to present his case to the Sports Committee of the UIL on or about November 9, 2015.

17. He forewent initiating this litigation in reliance upon representations that the conflict could be resolved administratively through UIL procedures.

18. However, Charles was informed that the Sports Committee could not consider the matter until the Texas High School Basketball Officials Association (hereinafter "THSBOA") first formed a three person committee and considered the conflict and Charles'

application.

19. On November 9, 2015, Charles, through his counsel, received a letter that "The Committee determined that the WFABOA is autonomous and THSBOA can make recommendations to the WFABOA to help resolve the matter **but has no authority in requiring them to do anything in this matter**. (emphasis added: NOTE: WFABOA is the acronym for the Defendant).

20. The letter goes on to further state that in an attempt to settle the matter, the WFABOA would require that Charles disavow a document signed for the Montague Chapter (said document having been executed in compliance with the Texas Business Organization Code), that he would have to be a "probationary member" of the WFABOA's chapter, and that he would be required to referee Junior High Games for a period of time (presumably as a "punishment", given his tenure and experience as an official).

21. It appears that the UIL has provided no guidelines or formal procedures for the approval, membership, and assignment of basketball officials even though complete autonomy has been given to the WFABOA to select, permit, and provide revenue to the selected officials, by virtue thereof, a monopoly was created.

22. On 13th day of November via emails used by the individual board members of the WFABOA, an Evidence Preservation letter was communicated to said board members. Only one was returned "undeliverable" because of an address error. A copy of said letter is affixed hereto as Attachment 1, and incorporated herein by reference thereto.

*Applicable Law*

23. The actions of the WFABOA, through its Board and Members, and in concert with others, constituted a violation of Texas and Federal, (under which State Courts have contemporaneous jurisdiction) statutes and regulations. The actions have limited the right to work of Charles (and perhaps others), restricted trade, and interfered with the orderly competition and rights of intra and interstate commerce.

*Declaratory Relief*

24. Charles seeks a determination that he is a bonafide and qualified official for UIL basketball competition in the state of Texas. Further, he seeks a determination that a monopoly was created in violation of his rights and contractual and quasi-contractual rights with the WFABOA.

25. Charles further requests that pursuant to Chapter 37 of the TCPRC (DEC), that the Court determine and declare the parties' rights of said contractual and quasi-contractual.

*Injunctive Relief*

26. Charles seeks injunctive relief against the WFABOA requiring the WFABOA to reinstate him and to properly assign him to referee UIL basketball competitions in accordance with

his (Charles') past participation.

*Economic Damages*

27. Charles has been deprived of his right to receive revenue for the 2015-2016 season.

*Punitive and Exemplary Damages*

28. Charles, as a direct result and proximately causes by the WFABOA and its representatives and others, is entitled to statutory punitive damages pursuant to the authorities cited herein, above.

29. Further, pursuant to Chapter 41 of the TCPRC, Charles is entitled to exemplary damages for the intentional acts of the WFABOA with malice and in a conscious disregard for his legal rights.

*Attorney Fees*

30. Pursuant to Chapter 37 of the TCPRC and other statutory claims filed herein, Charles is entitled to recover his attorney fees and costs for the pursuit of this claim.

*Prayer*

31. Charles Brasier, Plaintiff, respectfully prays that Wichita Falls Area Basketball Officials Association, Inc., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Charles Brasier against Wichita Falls Area Basketball Officials Association, Inc. for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Charles Brasier may be entitled at law or in equity.

Respectfully submitted,

By: */s/ William Knowlton*
William Knowlton
Texas Bar No. 11627500
P.O. Box 607
Henrietta, Texas 76365
Tel. 940.538.6677
Fax. 1.877.775.2644